Dear Dr. Mallory:
This official opinion is issued in response to your request for rulings on the following questions:
 "(1) If a public school teacher has been terminated by his employing board upon grounds that include reasons for which the teacher's certificate may be revoked, may that board of education subsequently prefer charges against the teacher to have his certificate of license to teach revoked?
 "(2) If a board which terminated a teacher may not prefer charges against the teacher to have his certificate of license to teach revoked, who may?
 "(3) If a teacher was terminated by a former employing board of education in Missouri for causes which could constitute grounds for revocation and later employed to teach in another Missouri school district, may the current employing board, upon learning about the reasons for previous termination, file charges against the teacher with the certificating agency based on the teacher's past conduct?"
Section 168.011, RSMo 1969, provides that "No person shall be employed to teach in any position in a public school until he has received a valid certificate of license entitling him to teach in that position."
Section 168.021-1, RSMo Supp. 1975, describes the manner in which certificates are granted:
 "1. Certificates of license to teach in the public schools of the state shall be granted as follows:
 (1) By the state board of education, under rules and regulations prescribed by it,
(a) Upon the basis of college credit;
(b) Upon the basis of examination;
 (c) To each student completing in a satisfactory manner at least a two-year course in a city training school as provided for in section 178.410, RSMo;
 (2) By the Missouri state colleges and state universities, state teachers' colleges, the university of Missouri and Lincoln university to graduates receiving the degree of bachelor of science in education, a life teaching certificate bearing the signature of the commissioner of education and which shall be registered in the state department of elementary and secondary education."
In addition Section 168.031, RSMo 1969, requires that no person shall receive or hold a certificate who does not present evidence of good moral character.
The manner in which certificates may be revoked is described in Section 168.071, RSMo Supp. 1975, as follows:
 "A certificate of license to teach may be revoked by the authority which issued the certificate upon satisfactory proof of incompetency, cruelty, immorality, drunkenness, neglect of duty, or the annulling of a written contract with the local board of education without the consent of the majority of the members of the board which is a party to the contract. All charges must be preferred in writing. They shall be signed by the chief administrative officer of the district or by the president of the board when so authorized by a majority of the board. The charges must be sworn to by the party or parties making the accusation, and filed with the respective certificating authority. The teacher must be given due notice of not less than ten days, and an opportunity to be heard, together with witnesses. The complaint must plainly and fully specify what incompetency, immorality, neglect of duty or other charges are made against the teacher, and if after a hearing the certificate is revoked, the teacher may appeal to the circuit court at any time within ten days thereafter by filing an affidavit and giving bond as is now required before magistrates. ON appeal the judge of the circuit court shall, with or without a jury at the option either of the teacher or the person making the complaint, try the matter de novo, affirming or denying the action of the certificating authority, and shall tax the cost against the appellant if the judgment of the certificating authority is affirmed. If the court disaffirms the judgment, then it shall assess the costs of the whole proceedings against the district making the complaint."
Your first question asks whether a school board which has terminated a teacher's employment may subsequently prefer charges against the teacher to have his certificate revoked where the reasons for the teacher's discharge include grounds for revocation. No language in Section 168.071 explicitly requires that the district making complaint for revocation simultaneously be an employer of the teacher. It is to be noted, for example, that one of the grounds for revocation of a teacher's certificate is the "annulling" of a written contract with the local board of education without the consent of the majority of the members of the board which is a party to the contract. Should a teacher wrongfully terminate his contract, no employer-employee relationship would exist between the teacher and the local board. Nonetheless, the statute clearly contemplates that a district could seek to have a teacher's certificate revoked under such circumstances by preferring charges on those grounds.
We note also that Sections 168.102 to 168.291 prescribe in detail the manner and grounds for which a teacher may be terminated from his employment. A school district clearly has authority both to terminate a teacher and to prefer charges for the revocation of the teacher's certificate, assuming that sufficient grounds exist for both actions. There is no language in any of the statutes indicating that these two courses of action are mutually exclusive or that one must precede the other. It is therefore our opinion that a school board which terminates a teacher's employment may also subsequently prefer charges to revoke the teacher's certificate. In view of this ruling, it is unnecessary to rule upon your second question.
Your third question asks if a school district may prefer charges against a teacher based on conduct precipitating termination in another district constituting grounds for revocation of the teacher's certificate. The example you provide is as follows:
 "An employing board may be unaware of a teacher's past conduct until after the teacher is employed. For example: A teacher may have been terminated in one district for immoral conduct and them employed to teach in another school district. After the contract has been let, the employing board discovers the reasons for which the teacher had been terminated."
We find no language in the statute speaking directly to this point. However, Section 168.071, RSMo Supp. 1975, does require that:
 ". . . All charges must be preferred in writing. They shall be signed by the chief administrative officer of the district or by the president of the board when so authorized by a majority of the board. The charges must be sworn to by the party or parties making the accusation, and filed with the respective certificating authority. . . ."
Because nothing in the statute expressly prohibits it, we conclude that the new board may prefer charges against a teacher for conduct occurring while the teacher was employed by a former board. It should be noted, however, that all the requirements set forth in Section 168.071 concerning proper signatures, authorization by the board and the making of accusations under oath must still be adhered to. So long as these requirements are met, there is no legal impediment to the new board's preferring the charges.
CONCLUSION
It is the opinion of this office that:
1. A school district which terminates a teacher's employment may also subsequently prefer charges to revoke the teacher's certificate, assuming that sufficient statutory grounds exist for both actions.
2. A school district may prefer charges to revoke a teacher's certificate based on conduct which occurred while the teacher was previously employed by another district.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General